**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

KAMAU MUNTASIR,

    *Defendant*.

Crim. Nos. 09-245; 12-524

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    This matter comes before the Court by way of Defendant Kamau Muntasir's renewed motion to modify his sentence and for immediate compassionate release. D.E. 41.[1] The Government filed opposition. D.E. 42. The Court previously denied Defendant's original motion for release. D.E. 38 ("Prior Opinion" or "Prior Op."), 39. The Court reviewed the parties' submissions and considered the motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). For the following reasons, Defendant's motion is denied.

    In its Prior Opinion, the Court set forth this matter's history and the relevant legal standard, Prior Op. at 2-9, which the Court now incorporates here.

    Defendant points to the Third Circuit's decision in *United States v. Andrews*, 12 F.4th 255 (3d Cir. 2021), D.E. 41 at 1, which was decided after the Court handed down the Prior Opinion. In *Andrews*, the Circuit found that the policy statement for Section 1B1.13 of the United States Sentencing Guidelines was not binding on courts when deciding an 18 U.S.C. § 3582(c)(1)(A)

---

[1] The docket entries refer to Crim. No. 09-245.

motion but nevertheless determined that the statement could provide useful guidance. *Andrews*, 12 F.4th at 259-60. *Andrews* does not provide a basis for relief because it reflects the same standard the Court used in the Prior Opinion. Prior Op. at 8 ("Certain courts have determined that the policy statement is not binding on courts in connection with motions like the one at bar but have nevertheless found that the statement provides useful guidance." (citing *United States v. Viteri*, Crim. No. 19-00044, 2020 WL 3396804, at *3 (D.N.J. June 19, 2020)). The Court also did not require, as the policy statement does, a determination by the BOP Director, *id.*, which inured to the benefit of Defendant.

Defendant also cites to another Third Circuit case decided after the Prior Opinion: *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) (en banc).[2] D.E. 41 at 14. In *Nasir*, the Third Circuit ruled that "we conclude that inchoate crimes are not included in the definition of 'controlled substance offenses' given in section 4B1.2(b) of the sentencing guidelines." 982 F.3d at 160. Defendant was found to be a career offender, although he does not provide proof that his qualifying offenses were inchoate offenses. In any event, *Nasir* does not provide Defendant relief.

*Nasir* concerned an interpretation of the Guidelines, not a statute. The difference can be significant. For example, in *Johnson v. United States*, 576 U.S. 591, 606 (2015), the United States Supreme Court found the residual clause in the Armed Career Criminal Act of 1984 to be unconstitutionally vague. But in *Beckles v. United States*, -- U.S. --, 137 S. Ct. 886, 897 (2017), the Supreme Court found that an identically worded residual clause of Section 4B1.1(a) of the Guidelines was not subject to vagueness challenges under the Due Process Clause of the Fifth

---

[2] The United States Supreme Court subsequently vacated the judgment in *Nasir* and remanded the matter. *United States v. Nasir*, -- U.S. --, 2021 WL 4507560 (2021). The remand, however, appears to be based on an unrelated issue.

Amendment. The *Beckles* Court explained that "[b]ecause they merely guide the district court's discretion, the Guidelines are not amenable to a vagueness challenge." *Id.* at 894.

In *Andrews*, the Third Circuit concluded that the "nonretroactive changes to the § 924(c) mandatory minimums also cannot be a basis for compassionate release. . . . [W]e will not construe Congress's nonretroactivity directive as simultaneously creating an extraordinary and compelling reason for early release." *Andrews*, 12 F.4th at 261. Because a nonretroactive change in a statute cannot be an extraordinary and compelling reason to justify release, a nonretroactive interpretation of a Guideline provision also cannot justify release under Section 3582(c)(1)(A)(i). *See United States v. Muhammad*, No. 21-1311, 2022 WL 296593, at *2 (3d Cir. Feb. 1, 2022) (noting that the Third Circuit "*never* held [that] *Nasir* applies retroactively on collateral review" (emphasis added)); *see also United States v. Henderson*, Crim. No. 15-0329, 2022 WL 1617678, at *3-4 (D.N.J. May 23, 2022) (finding that *Nasir* did not provide a basis for relief in a motion for compassionate release).

All other arguments raised by Defendant were either raised in his initial motion or were available to him at that time. As a result, the arguments do not provide a basis for relief.

For the foregoing reasons, and for good cause shown,

It is on this 8th day of July 2022 hereby

**ORDERED** that Defendant's renewed motion, D.E. 41, is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall deliver a copy of this Opinion and Order to Defendant by regular mail.

John Michael Vazquez, U.S.D.J.

3